

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:13cr181 |
| | § | |
| JAIME SILVA CAVAZOS (2) | § | |

### REPORT AND RECOMMENDATIONS
### OF UNITED STATES MAGISTRATE JUDGE

On February 12, 2015, the matter having been referred to the undersigned by the Honorable Marcia A. Crone (*see* Dkt. 80), the Court held a hearing on the Motion to Withdraw Plea of Guilty and Motion for New Attorney (Dkt. 74) filed *pro se* by Defendant Jaime Silva Cavazos.

At the hearing, Defendant explained that he became dissatisfied with his counsel after receiving the pre-sentence report in this case. He stated that his PSR was not correct as to some of the allegations against him and that communication with his lawyer was lacking.

Counsel stated that he had visited Defendant repeatedly and had, with the assistance of an interpreter, reviewed Defendant's PSR with him on at least two occasions. Counsel testified that Defendant expressed no objection to the PSR during those sessions. Having heard the testimony presented, the Court finds that Defendant is being adequately represented in this matter and that his request for a new attorney should be denied.

Next, the Court turns to Defendant's request to withdraw his guilty plea, given to the undersigned on December 17, 2013 and adopted by the District Judge on December 26, 2013. *See*

Dkts. 40-48.[1] To determine whether Defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether Defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and Defendant and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

The Court notes that, in taking Defendant's plea, the Court required Defendant to sign a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge," which incorporates Rule 11's requirements for plea proceedings. *See* Dkt. 44. The consent, signed by Defendant and written in both Spanish and English, specifically states that he understands his rights and that his sentence may be greater or lesser than the recommended guideline range and that any estimate as to his possible range of punishment was only an estimate and may be subject to other factors. *Id.* Defendant also signed his plea agreement. *See* Dkt. 45.

Further, at his plea hearing, Defendant was warned of the consequences of pleading guilty. The Court orally advised Defendant regarding his right to maintain a plea of not guilty, to present evidence, and to proceed with a trial. *See* Dkt. 42. "Reviewing courts give great weight to the

---

[1]The Court notes that this case was transferred from the Honorable Richard A. Schell to the Honorable Marcia A. Crone after the plea was adopted.

defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). There is nothing on the record that would indicate that Defendant's plea was not knowingly and voluntarily entered into, as required by *Carr*.

Further, the facts in the record indicate that no *Carr* factors weigh in Defendant's favor. Defendant's motion was filed almost *one year* after he gave his guilty plea, and more than six months after the issuance of his pre-sentence report. At the time he gave his plea, he had the close assistance of counsel and, as noted above, counsel has adequately represented him since the entry of his plea. Further, based on the Government's statements that the investigation into Defendant was closed more than a year ago, the Court further finds that permitting him to withdraw his plea would waste Government and judicial resources. Finally, Defendant stated at the hearing that he is not asserting that "he is completely innocent" but merely that there were allegations in the PSR that were not true. There is simply nothing before the Court that would warrant the recommendation that his plea be withdrawn.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's "*Pro Se* Defendant's" Motion to Withdraw Plea of Guilty and Motion for New Attorney (Dkt. 74). Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review

by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of February, 2015.**

*[signature: Don D. Bush]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE